IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| South Carolina, | ) | C/A No. 6:26-1742-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | **AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| Phillip C. Reeves, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Phillip C. Reeves, a self-represented state pretrial detainee, filed a notice of removal, purportedly removing four pending state criminal cases from the Greenville County Court of General Sessions.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A.[1]  Having reviewed the pleading in accordance with applicable law, the court recommends that this case should be remanded *sua sponte* to the Greenville County Court of General Sessions for lack of subject matter jurisdiction.[2]

---

[1] Defendant has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2).  A review of the motion reveals that Defendant does not have the funds to pay the first installment of the filing fee.  Defendant's motion for leave to proceed *in forma pauperis* is granted.  (ECF No. 8.)

[2] The notice of removal lists Case Numbers 2024A2330208984, 2024A2330208898, 2024A2330208875, and 2024A2330209744.  (See ECF No. 1 at 1.)  There is no indication on those dockets that the state court has been provided notice of Defendant's attempted removal of those actions.  See Greenville County 13th Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last visited June 3, 2026).

## I.    Procedural Background

Defendant's notice of removal indicates that removal is proper pursuant to 28 U.S.C. § 1455 and 28 U.S.C. § 1443[3] because of defects in his state criminal prosecution. Specifically, Defendant argues that he was falsely arrested based on fabricated evidence and has not had an opportunity to challenge the finding of probable cause. Defendant further asserts that his indictments were not filed with the Clerk of Court for Greenville County, in violation of state rules of criminal procedure.

## II.    Discussion

Criminal defendants may remove state criminal prosecutions to federal court only in rare circumstances. See 28 U.S.C. § 1442 (criminal prosecutions against federal agencies and officers), § 1442(a) (criminal prosecution against members of the armed services), § 1443 (denial of racial equality in state criminal prosecutions). Federal law requires:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). A notice of removal must also include the grounds for such removal, and a failure to state grounds that exist at the time of the filing of the notice constitutes waiver of such grounds. 28 U.S.C. § 1455(b)(2).

Defendant does not contend that his attempted removal of his state criminal prosecution falls under any of the permissible circumstances enumerated by law. Rather, Defendant asserts

---

[3] Defendant cites 28 U.S.C. § 1433, which does not appear to exist. The court liberally construes the notice of removal to rely on 28 U.S.C. § 1443, which allows for the removal of state criminal prosecutions under limited circumstances.

the court has jurisdiction over this matter based on the "obstruction of due administration of justice, fabricating evidence, perjury, forgery, and misconduct" in the state criminal prosecution. (ECF No. 1 at 2.)  In support, Defendant points to alleged violations of his Fourth and Fourteenth Amendment rights deriving from an allegedly invalid warrant.  Defendant does not allege that he has been denied "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," such that 28 U.S.C. § 1443 may be applicable.  See generally Johnson v. Mississippi, 421, U.S. 213, 219 (1975) ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice [for removal under § 1443]."); State v. Ivory, 906 F.2d 999, 1002 (4th Cir. 1990) ("The regulation of crime is pre-eminently a matter for the States, and there is a strong judicial policy against federal interference with state criminal proceedings.") (citing Meas v. California, 489 U.S. 121 (1989)) (quotations omitted).

Also, Defendant failed to file the necessary state court documents required by § 1455(a) and failed to demonstrate that the matter was timely removed pursuant to § 1455(b)(1). See Bowen v. State, 194 F.3d 1303 (4th Cir. 1999) (Table) (finding the district court did not err in remanding an attempted removal of a state prosecution where the removal was untimely).  Because Defendant fails to establish that the court has jurisdiction over this matter, the court finds the matter should be remanded to the Greenville County Court of General Sessions. See 28 U.S.C. § 1455(b)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."); see also North Carolina v. Dupree, 521 F. App'x 181 (4th Cir. 2013) (Table) (finding the district court lacked subject matter

jurisdiction over the removal of a state criminal prosecution because the defendant did not make the requisite showing for removal under § 1443, and thus, remand to state court was appropriate); Commonwealth of Va. v. El, C/A No. 3:16cv128, 2016 WL 4507814, at *3 (E.D. Va. Aug. 26, 2016) (collecting cases).

**III.    Conclusion**

Accordingly, the court recommends that this matter be summarily remanded to the Greenville County Court of General Sessions for lack of subject matter jurisdiction.

June 9, 2026                                        Paige J. Gossett
Columbia, South Carolina                UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).